IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

LORI S. C.,

                Plaintiff,

    v.                                  Civil Action No.
                                            3:22-CV-0625 (AMN/DEP)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

_____

APPEARANCES:                              OF COUNSEL:

FOR PLAINTIFF

OLINKSY LAW GROUP               CAEDEN SEHESTED, ESQ.
250 South Clinton Street, Suite 210    HOWARD D. OLINSKY, ESQ.
Syracuse, NY 13202

FOR DEFENDANT

SOCIAL SECURITY ADMIN.         NATASHA OELTJEN, ESQ.
OFFICE OF GENERAL COUNSEL    SHANNON FISHEL, ESQ.
6401 Security Boulevard
Baltimore, MD 21235

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

Plaintiff has commenced this proceeding, pursuant to 42 U.S.C. §§

405(g) and 1383(c)(3), to challenge a determination of the Commissioner of Social Security ("Commissioner") finding that she was not disabled at the relevant times and, accordingly, is ineligible for the disability insurance ("DIB") and supplemental security income ("SSI") benefits for which she has applied. The matter has been referred to me for the issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b) and Northern District of New York Local Rule 72.3. For the reasons set forth below, I recommend a finding that the Commissioner's determination did not result from the application of proper legal principles and is not supported by substantial evidence.

I.     BACKGROUND

Plaintiff was born in June of 1966, and is currently fifty-six years of age. She was fifty-two years old on both June 7, 2019, the date she alleges she became disabled, and on July 12, 2019, the date upon which she filed her application for benefits.[1] Plaintiff measures five feet and one inch in height, and weighed approximately one hundred and eighty pounds during the relevant period. Plaintiff lives by herself in a trailer in Spencer, New York, although she does have temporary custody of her minor grandchild for part of each day.

---

[1]     Plaintiff is insured for benefits under Title II until June 30, 2024.

Plaintiff reports that she graduated high school. She most recently worked at the counter of a fast food restaurant, but reports that she stopped working because she was having difficulty gripping, standing, and dealing with the pain in her arms, legs, and back.

Plaintiff alleges that she suffers from hypertension and degenerative disc disease, with a disc herniation in her back. As is relevant to her application, plaintiff has treated for her impairments with the Guthrie Health System, including specifically the Sayre Family Practice.

Plaintiff alleges that she suffers from constant pain related to her lumbar spine. She takes multiple medications for her pain, which make her feel tired, and states that physical therapy and other exercises worsen her pain. Plaintiff reports that she does not drive because of the side effects of her medications, that her daughter-in-law does her cleaning for her, and that she spends most of the day lying in bed or on the couch because she is unable to sit or stand for very long. She states that her fibromyalgia pain is particularly severe in her legs, although she also experiences pain in her arms that causes difficulty in her abilities to lift overhead, care for her hair, dress, and use her hands in general. Plaintiff further reports that she uses a cane for walking because of the pain.

II.    PROCEDURAL HISTORY

A.     Proceedings Before the Agency

Plaintiff applied for DIB and SSI payments under Titles II and XVI of the Social Security Act, respectively, on July 12, 2019. Administrative Law Judge ("ALJ") John P. Ramos held an administrative hearing related to those applications on October 6, 2020, and subsequently issued a decision on October 26, 2020, finding that plaintiff was not disabled and therefore not entitled to receive the benefits for which she had applied. That opinion became a final determination of the agency on April 6, 2022, when the Social Security Appeals Council ("Appeals Council") denied plaintiff's request for review of the ALJ's decision.

B.     The ALJ's Decision

In his decision, ALJ Ramos applied the familiar, five-step sequential test for determining disability. At step one, he found that plaintiff engaged in some work after the alleged onset of her disability, but it did not rise to the level of substantial gainful activity. The ALJ next found at step two that plaintiff suffers from severe impairments that impose more than minimal limitations on her ability to perform basic work functions, including degenerative disc disease of the lumbar spine, fibromyalgia, obesity, and degenerative joint disease of the bilateral shoulders. As part of his step two finding, ALJ Ramos also concluded that plaintiff's history of the effects

of an animal bite to her right hand is not a severe impairment.

At step three, ALJ Ramos examined the governing regulations of the Commissioner setting forth presumptively disabling conditions (the "Listings"), see 20 C.F.R. Pt. 404, Subpt. P, App. 1, and concluded that plaintiff's conditions do not meet or medically equal any of the listed conditions set forth in those regulations, specifically considering Listings 1.02 and 1.04.

ALJ Ramos next surveyed the available record evidence and concluded that plaintiff retains the residual functional capacity ("RFC") to perform a range of work at the light exertional level "so far as sit, stand, walk, lift, and carry are concerned," as defined by the controlling regulations, with the following exceptions:

> she can only occasionally stoop, defined as bending at the waist; and she can only occasionally climb ramps and stairs.

ALJ Ramos went on to step four and concluded that plaintiff is able to perform her past relevant work, including as a sandwich maker and fast food restaurant service crew member, classified by the vocational expert as a fast food worker falling under Dictionary of Occupational Titles ("DOT") code 311.472-010, as generally performed in the national economy. Based upon these findings, ALJ Ramos determined that plaintiff was not disabled

at the relevant times.

    C.    <u>This Action</u>

Plaintiff commenced this action on June 10, 2022.[2] In support of her challenge to the ALJ's determination, plaintiff argues that the ALJ (1) erred in failing to provide appropriate findings regarding her subjective reports, in violation of the applicable regulations, and (2) erred at step four by relying on the vocational expert's testimony regarding past relevant work because the vocational expert failed to consider whether plaintiff's past relevant work was a composite job. Dkt. No. 11.

Oral argument was conducted in this matter, by telephone, on May 25, 2023, at which time decision was reserved.

III.    <u>DISCUSSION</u>

    A.    <u>Scope of Review</u>

A court's review under 42 U.S.C. § 405(g) and 1383(c)(3) of a final decision by the Commissioner is subject to a "very deferential" standard of review, and is limited to analyzing whether the correct legal standards were applied, and whether the decision is supported by substantial evidence.

---

[2] This action is timely, and the Commissioner does not argue otherwise. It has been treated in accordance with the procedures set forth in the recently enacted Supplemental Social Security Rules and General Order No. 18. Under those provisions, the court treats the action procedurally as if cross-motions for judgment on the pleadings have been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

*Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012); *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002); *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000); *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998).  Where there is reasonable doubt as to whether an ALJ has applied the proper legal standards, the decision should not be affirmed even though the ultimate conclusion reached is arguably supported by substantial evidence.  *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987).  If, however, the correct legal standards have been applied, and the ALJ's findings are supported by substantial evidence, those findings are conclusive, and the decision will withstand judicial scrutiny regardless of whether the reviewing court might have reached a contrary result if acting as the trier of fact.  *Veino*, 312 F.3d at 586; *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988); *see also* 42 U.S.C. § 405(g).

The term "substantial evidence" has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 390, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *accord, Jasinski v. Barnhart*, 341 F.3d 182, 184 (2d Cir. 2003).  To be substantial, there must be "more than a mere scintilla" of evidence scattered throughout the administrative record.  *Richardson*, 402 U.S. at 401 (internal quotation

7

marks omitted); *Williams*, 859 F.3d at 258. "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis on the substantiality of the evidence must also include that which detracts from its weight." *Williams*, 859 F.2d at 258 (citing *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *Mongeur v. Hechler*, 722 F.2d 1033, 1038 (2d Cir. 1983)).

  B. <u>Disability Determination: The Five-Step Evaluation Process</u>

The Social Security Act ("Act") defines "disability" to include the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). In addition, the Act requires that a claimant's

> physical or mental impairment or impairments [be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

*Id.* § 423(d)(2)(A).

The agency has prescribed a five-step evaluative process to be employed in determining whether an individual is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. The first step requires a determination of whether the claimant is engaged in substantial gainful activity ("SGA"); if so, then the claimant is not disabled, and the inquiry need proceed no further. *Id.* §§ 404.1520(b), 416.920(b). If the claimant has not worked at a level constituting SGA, then the second step involves an examination of whether the claimant has a severe impairment or combination of impairments that significantly restricts his or her physical or mental ability to perform basic work activities. *Id.* §§ 404.1520(c), 416.920(c). If the claimant is found to suffer from such an impairment, the agency must next determine whether it meets or equals an impairment listed in Appendix 1 of the regulations. *Id.* §§ 404.1520(d), 416.920(d); *see also id.* Part 404, Subpt. P, App. 1. If so, then the claimant is "presumptively disabled." *Martone v. Apfel*, 70 F. Supp. 2d 145, 149 (N.D.N.Y. 1999) (citing *Ferraris v. Heckler*, 728 F.2d 582, 584 (2d Cir. 1984)); 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the claimant is not presumptively disabled, step four requires an assessment of whether the claimant's RFC precludes the performance of his or her past relevant work. 20 C.F.R. §§ 404.1520(e), (f), 416.920(e), (f). If it is determined that it does, then as a final matter, at step five the agency

must examine whether the claimant can do any other work. *Id.* §§ 404.1520(g), 416.920(g).

The burden of showing that the claimant cannot perform past work lies with the claimant. *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996); *Ferraris*, 728 F.2d at 584. Once that burden has been satisfied, however, it becomes incumbent on the agency to prove that the claimant is capable of performing other available work. *Perez*, 77 F.3d at 46. In deciding whether that burden has been met, the ALJ should consider the claimant's RFC, age, education, past work experience, and transferability of skills. *Ferraris*, 728 F.2d at 585; *Martone*, 70 F. Supp. 2d at 150.

    C.    <u>Analysis</u>

        1.    <u>The ALJ's Assessment of Plaintiff's Subjective Reports</u>

Plaintiff first argues that the ALJ committed legal error in failing to conduct any meaningful evaluation of the degree to which her subjective reports of symptoms are consistent with the record evidence. Dkt. No. 11, at 6-9. I agree that the ALJ failed in his obligation to assess the plaintiff's claims regarding her subjective symptomology and, importantly, to articulate his reasoning in a manner that would permit meaningful judicial review.

Under the two-step review protocol applicable in social security cases for assessing a claimant's subjective reports of symptoms, an ALJ must first determine whether the individual has a medically determinable impairment that could reasonably be expected to produce the alleged symptoms, and, if so, the ALJ must then evaluate the intensity and persistence of those symptoms and determine the extent to which those symptoms limit the claimant's ability to perform work-related activities. Social Security Ruling ("SSR") 16-3p, 2017 WL 5180304, at *3-8. When addressing this second prong, an ALJ must consider the objective medical evidence and other evidence in the record, including statements by the claimant and reports from both medical and non-medical sources, and must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms, considering relevant factors which include evidence regarding (1) daily activities, (2) the location, duration, frequency, and intensity of pain or other symptoms, (3) factors that precipitate or aggravate the claimant's symptoms, (4) the type, dosage, effectiveness, and side effects of medication, (5) any treatment other than medication that is used to relieve the symptoms, (6) other measures to obtain relief of symptoms, and (7) any other relevant factors. *Id.*

If the ALJ finds that a claimant's subjective testimony should be discounted or rejected altogether, he or she must explicitly state the basis for doing so with sufficient particularity to enable a reviewing court to determine whether those reasons for disbelief were legitimate and whether the determination is supported by substantial evidence. *Martone v. Apfel*, 70 F. Supp. 2d 154, 151 (N.D.N.Y. 1999) (citing *Brandon v. Bowen*, 666 F. Supp. 604, 608 (S.D.N.Y. 1987)). The ALJ's decision need not contain a discussion of all of the potentially relevant factors listed above, provided that it is clear from the decision that the ALJ considered all of the evidence and that he or she provided specific reasons for his or her determination as to the intensity, persistence, and limiting effect of the claimant's symptoms. *See Cichocki v. Astrue*, 534 F. App'x 71, 76 (2d Cir. 2013) (finding that failure to discuss certain factors did not require remand because the ALJ provided specific reasons for his determination "and the record evidence permits us to glean the rationale of the ALJ's decision"). Where the ALJ's findings are supported by substantial evidence, the decision to discount subjective testimony may not be disturbed on court review. *Aponte v. Sec'y, Dep't of Health & Human Servs.*, 728 F.2d 588, 591 (2d Cir. 1984). "The ALJ's assessment of an individual's 'subjective complaints' regarding her pain and other symptoms is entitled to substantial deference by a

reviewing court." *See Madelyn S. v. Comm'r of Soc. Sec.*, 20-CV-1478, 2022 WL 526233, at *7 (N.D.N.Y. Jan. 27, 2022) (Baxter, M.J.).

As is relevant to the question now before the court, the ALJ summarily stated, in standard boilerplate found in nearly all ALJ decisions, that he "has considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence," and also outlined the two-step standard for assessing such subjective reports. Administrative Transcript ("AT") at 15-16.[3] The ALJ then discussed some of plaintiff's reports to her physicians, as well as claims she made regarding her ability to function in both documentation submitted to the agency and at the administrative hearing before the ALJ. AT 16-17. After doing so, the ALJ stated as follows:

> All of the specific symptomology alleged by the claimant in both the evidence of record and at the hearing, as well as the specific functional limitations alleged by the claimant in both the evidence of record and at the hearing, have been duly considered by the undersigned in accordance with Social Security Ruling 16-3p. The undersigned has also fully considered the claimant's subjective complaints of pain, fatigue, and weakness, as well as her obesity, cognitive symptomology, and psychiatric

---

[3]  The administrative transcript is found at Dkt. No. 10, and will be referred to throughout this decision as "AT ___."

13

>symptomology, together with any resulting functional limitations.
>
>No matter how sincere, however, a statement by interested parties cannot overcome the medical evidence of record (SSR 16-3p). Furthermore, an individual's statements about his or her symptoms alone are insufficient to establish that an individual is disabled (SSR 16-3p). In formulating the residual functional capacity for the claimant during the period under consideration, moreover, the undersigned has accounted for any functional deficits of the claimant by limiting her to light exertional work with occasional stooping and occasional stair climbing.

AT 17-18.

As plaintiff argues, although it appears the ALJ found her subjective reports not to be wholly consistent with the record, he provided no concrete explanation for the basis of that finding, despite the explicit requirement in SSR 16-3p to do so. *See* SSR 16-3p ("We will explain which of an individual's symptoms we found consistent or inconsistent with the evidence in his or her record and how our evaluation of the individual's symptoms led to our conclusions."). The ALJ's discussion of the medical evidence offers no clear insight into what evidence he might have relied on for that finding, nor did he discuss any of the relevant factors specified in SSR 16-3p related to the assessment of plaintiff's subjective reports of

14

symptoms. As will be discussed below, although the ALJ did summarize objective medical findings, some of plaintiff's reported daily activities, and her medications or treatments, there is simply no indication as to how that summary actually supports any finding that plaintiff's subjective reports are inconsistent with the evidence.

The only evidence that could reasonably be construed as supporting the ALJ's implicit finding that plaintiff's subjective reports should be accepted only to the extent the overall evidence suggests she can perform light work is the opinion evidence provided by consultative examiner Dr. Gilbert Jenouri and the prior administrative medical findings of two state agency medical consultants. AT 18-19. However, any reliance on those opinions is itself questionable given that the ALJ offered no explanation of why greater subjective reports of restriction, including an inability to stand, walk, or even sit for long periods of time, were properly rejected. Plaintiff reported to her treating physicians on multiple occasions that her pain is aggravated by walking and standing – reports that are seemingly inconsistent with an ability to perform light work, which by definition involves standing or walking for approximately six hours per day.[4] *See,*

---

[4] SSR 83-10 defines light work as jobs which generally require "a good deal of walking or standing."

*e.g.*, AT 657, 664. The ALJ did not discuss the fact that plaintiff reported that her pain medications make her tired during the day, such that she takes multiple naps and is unable to drive. The ALJ noted that plaintiff reported in June of 2020 that gabapentin was not relieving her pain much and that her dose of that medication was consequently increased, but did not explain how this evidence contradicts plaintiff's reports of pain or supports an ability to perform light work, particularly as there is no further evidence indicating that the increase in gabapentin provided better pain relief. He also did not elaborate as to how the daily activities reported by plaintiff are inconsistent with her other reports of functioning; indeed, the reported daily activities recounted by the ALJ in his decision are not suggestive of the level of functioning found by him. AT 17. Because the ALJ's assessment of whether the relevant opinion evidence is consistent with the record as a whole could very well be impacted by a proper consideration of plaintiff's subjective reports, the error discerned is not harmless. *See* 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2) (noting, as to the consistency factor, that "[t]he more consistent a medical opinion(s) or prior administrative medical findings(s) is with the evidence from other medical sources *and nonmedical sources* in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be")

16

(emphasis added); 20 C.F.R. §§ 404.1502(e), 416.902(e) (defining a nonmedical source as including the claimant).

Because the ALJ's findings regarding plaintiff's subjective complaints are not amenable to meaningful judicial review due to the complete lack of any indication that he in fact did appropriately consider plaintiff's subjective reports, as required by the applicable regulations and SSR 16-3p, I recommend that this matter be remanded for further administrative proceedings.

### 2.  The ALJ's Assessment of Plaintiff's Past Relevant Work

Plaintiff next argues that the ALJ erred at step four in relying on the occupation identified by the vocational expert because, in plaintiff's estimation, there is a reasonable question as to whether her past work was in fact a composite job comprised of duties encompassed by more than one occupation in the DOT.  Dkt. No. 11, at 9-12.  Specifically, plaintiff argues that, because she reported that her past work involved some food preparation in addition to taking customer orders, handling payment transactions, and serving food, it does not fall completely within the "fast food worker" job title identified by the vocational expert, but rather combines elements of that job title with the title of fast food cook.  *Id.*

I recommend that plaintiff's arguments in this regard not be addressed in any detail at this juncture, inasmuch as the ALJ's failure to provide an assessment of her subjective reports by itself would require remand for further consideration. I do acknowledge, however, that plaintiff is correct insofar as far as her assertion that the vocational expert appears to have made the determination regarding the classification of plaintiff's past relevant work based on scant information regarding plaintiff's actual job duties, with the only testimony concerning her past relevant work being that she did preparatory work, served food, operated the cash register, and lifted no more than the weight of a gallon of milk.[5] AT 35, 47. The record notably does not appear to contain any other substantive description of plaintiff's job duties related to either her sandwich maker or fast food work, and instead only supports that she worked most relevantly as a "sandwich maker" from December 2014 to December 2017, and as "service crew" at fast food restaurants from May 2012 to May 2014, June 2018 to December 2018, and June 2018 to June 2019. AT 283.

Although, based on the record before me, I am not persuaded by plaintiff's argument that there is a tangible indication that plaintiff's past

---

[5] That testimony appears to relate specifically to plaintiff's job duties at her most recent employment as a fast food service crew member. There does not appear to be any indication as to what the duties of her job as a sandwich maker entailed.

work as a fast food service crew member in particular constituted a composite job, given my recommendation that this matter be remanded for further proceedings on another basis, I believe that, on remand, the ALJ should also take care to ensure that a careful examination of the nature and duties of plaintiff's past work is conducted should he again find that she remains able to perform that work after making an appropriate consideration of her subjective reports along with the rest of the evidence.

IV. <u>SUMMARY AND RECOMMENDATION</u>

After considering the record as a whole and the issues raised by the plaintiff in support of her challenge to the Commissioner's determination, I recommend a finding that the determination did not result from the application of proper legal principles and is not supported by substantial evidence.  Accordingly, it is hereby respectfully

RECOMMENDED that plaintiff's motion for judgment on the pleadings (Dkt. No. 11) be GRANTED, defendant's motion for judgment on the pleadings (Dkt. No. 13) be DENIED, the Commissioner's decision be VACATED, and this matter be remanded for further proceedings consistent with this decision and order, without a directed finding of disability, pursuant to sentence four of 42 U.S.C. § 405(g).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days

within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. <u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated:   June 1, 2023
         Syracuse, NY

_____
DAVID E. PEEBLES
U.S. Magistrate Judge