**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

LORI S. C.,

                Plaintiff,

    v.                                                         3:22-cv-00625 (AMN/DEP)

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

---

**APPEARANCES:**                                             **OF COUNSEL:**

**OLINSKY LAW GROUP**                          **HOWARD D. OLINSKY, ESQ.**
250 South Clinton Street – Suite 210       **CAEDEN W. SEHESTED, ESQ.**
Syracuse, New York 13202
*Attorneys for Plaintiff*

**SOCIAL SECURITY ADMINISTRATION**    **NATASHA OELTJEN, ESQ.**
Office of the General Counsel                   **SHANNON FISHEL, ESQ.**
6401 Security Boulevard
Baltimore, Maryland 21235
*Attorneys for Defendant*

**Hon. Anne M. Nardacci, United States District Judge:**

**ORDER**

**I.    INTRODUCTION**

On June 10, 2022, Plaintiff Lori S. C.[1] commenced this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance and supplemental security

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect her privacy.

income benefits.² Dkt. No. 1. Plaintiff sought and was granted leave to proceed *in forma pauperis*. Dkt. Nos. 3, 6. This matter was referred to United States Magistrate Judge David E. Peebles, who, on June 1, 2023, issued an Order and Report-Recommendation ("Report-Recommendation"), recommending that the Court grant Plaintiff's motion for judgment on the pleadings, Dkt. No. 11, deny the Commissioner's motion for judgment on the pleadings, Dkt. No. 13, and vacate and remand the Commissioner's decision for further proceedings. *See* Dkt. No. 18 at 19. Magistrate Judge Peebles advised the parties that they had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id*. at 19-20. Neither party has filed any objections to the Report-Recommendation and the time for filing objections has expired.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

## II.    STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendations that have been properly preserved with a specific objection. 28 U.S.C. § 636(b)(1)(C); *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012). If no specific objections have been filed, this court reviews a magistrate judge's report-recommendations for clear error. *See id*. at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). "When performing such a clear error review, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Dezarea W. v. Comm'r of Soc. Sec.*, No. 6:21-CV-01138 (MAD/TWD), 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting

---

² For a complete recitation of the background facts, the reader is referred to the Report-Recommendation, Dkt. No. 18 at 2-6.

*Canady v. Comm'r of Soc. Sec.*, No. 1:17-CV-0367 (GTS/WBC), 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### III.   DISCUSSION

Because neither party has filed objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

Magistrate Judge Peebles recommended that the Commissioner's decision be reversed and remanded for further proceedings because the administrative law judge's ("ALJ") determination did not result from the application of proper legal principles and is not supported by substantial evidence. Dkt. No. 18 at 10-19. Specifically, Magistrate Judge Peebles found that the ALJ failed in his obligation to assess the plaintiff's claims regarding her subjective symptomology and, importantly, to articulate his reasoning in a manner that would permit meaningful judicial review. *Id*. at 14-17. Magistrate Judge Peebles noted that when an ALJ discounts or rejects a claimant's subjective testimony, they must articulate their reasons "for doing so with sufficient particularity to enable a reviewing court to determine whether those reasons for disbelief were legitimate and whether the determination is supported by substantial evidence." *Id*. at 12 (citing *Martone v. Apfel*, 70 F. Supp. 2d 145, 151 (N.D.N.Y. 1999)). Ultimately, Magistrate Judge Peebles agreed with Plaintiff that the ALJ provided an insufficient explanation for why Plaintiff's subjective reports were inconsistent with the medical evidence of record, instead handling Plaintiff's subjective reports of disability in the aggregate and discounting them altogether. *See id*. at 14. Accordingly, Magistrate Judge Peebles found that "there is simply no indication as to how [the ALJ's] summary actually supports any finding that plaintiff's subjective reports are inconsistent with the evidence."

*Id*. at 15. Additionally, Magistrate Judge Peebles noted that "the reported daily activities recounted by the ALJ in his decision are not suggestive of the level of functioning" he found. *Id*. at 16. As a result, Magistrate Judge Peebles found that the ALJ's error in assessing the record, which includes nonmedical sources, in light of Plaintiff's subjective reports was not harmless. *See id*. (citing 20 C.F.R. §§ 404.1502(e), 404.1520c(c)(2), 416.902(e), 416.920c(c)(2)).[3]

This Court agrees and finds that remand is warranted because the ALJ's determination that Plaintiff was not disabled and could perform light work is not supported by substantial evidence. *See*, *e.g.*, *Estrella v. Berryhill*, 925 F.3d 90, 96-97 (2d Cir. 2019) (remanding "[w]hen viewed alongside the evidence of the ... nature of [Plaintiff's disability], the ALJ's [cited] treatment notes do not provide 'good reasons' for minimalizing [the treating physician's] opinion"); *Loni S. v. Comm'r of Soc. Sec.*, No. 3:22-CV-805 (CFH), 2023 WL 4195887, at *20 (N.D.N.Y. June 27, 2023) (remanding where ALJ's two-sentence analysis of a medical opinion was "insufficient to meet the articulation requirements of 20 C.F.R. § 416.920c(c)(1)-(2)"); *Dezarea*, 2023 WL 2552452, at *1 (remanding "for the ALJ to articulate how she relied on or rejected evidence, and how she reached Plaintiff's RFC determination"); *Megan M. S. v. Comm'r of Soc. Sec.*, No. 5:19-CV-0026 (GTS), 2019 WL 6270932, at *4-5 (N.D.N.Y. Nov. 25, 2019) (remanding when implicit rejection of limitation not supported by substantial evidence). Here, the ALJ failed to adequately explain his reasons for finding Plaintiff's subjective reports to be inconsistent with the record in

---

[3] Magistrate Judge Peebles also found that Plaintiff's second argument, that her past work does not fall completely within the job title identified by the vocational expert, need not be adjudicated at this time in light of the recommendation of remand on Plaintiff's first argument. Dkt. No. 18 at 17-18. This Court agrees with this recommendation as well and echoes Magistrate Judge Peebles' directive "that, on remand, the ALJ should also take care to ensure that a careful examination of the nature and duties of plaintiff's past work is conducted should he again find that she remains able to perform that work after making an appropriate consideration of her subjective reports along with the rest of the evidence." *Id*. at 19.

order to permit the Court to assess his rationale. *See Cichocki v. Astrue*, 729 F.3d 172, 178 n.3 (2d Cir. 2013) ("An ALJ need not recite every piece of evidence that contributed to the decision, so long as the record 'permits us to glean the rationale of an ALJ's decision'") (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983)).

Having reviewed the Report-Recommendation for clear error, and found none, the Court adopts the Report-Recommendation in its entirety.

## IV.   CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 18, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings, Dkt. No. 11, is **GRANTED**; and the Court further

**ORDERS** that the Commissioner's motion for judgment on the pleadings, Dkt. No. 13, is **DENIED**; and the Court further

**ORDERS** that the Commissioner's decision be **REVERSED** and **REMANDED for further proceedings**; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   August 9, 2023
         Albany, New York

Anne M. Nardacci
U.S. District Judge

5